# Horton *et al.* v. Beadle, Adm'r.

## *Amendment Nunc Pro Tunc.*

1. *Amendment nunc pro tunc; what evidence necessary to support.*—After the expiration of the term at which judicial proceedings are had, an amendment *nunc pro tunc* of the minutes can only be made upon sufficient evidence from the records or dockets, or memoranda made under the authority of the judge presiding when they were made, showing that the proposed amendment should have been made then.

2. *Same; what evidence will not authorize.*—An amendment *nunc pro tunc* of a decree on a settlement of an administration, so as to show the due appointment of a guardian *ad litem* for minors, and his acceptance in writing and acting for the minors, can not be allowed after the expiration of the term at which the settlement is had, when the only evidence adduced in support of the motion is that of the presiding judge, who does not testify positively as to any record of the appointment or written acceptance; and that of the administrator, who does not testify to the existence of the order of appointment or written acceptance thereof, or its loss, but only that a person who appeared at the settlement, was notified verbally by the judge, in the administrator's presence, that he was appointed guardian *ad litem*, and that such person appeared on the settlement and scrutinized the accounts. Such evidence does not prove the former existence or loss of any *memoranda* of record, showing the facts which it was proposed to insert in the amendment *nunc pro tunc.*

APPEAL from Madison Probate Court.
Tried before Hon. WM. RICHARDSON.
The opinion states the case.

L. P. WALKER, BRANDON & JONES, and CABANISS & WARD, for appellants.

HUMES & GORDON, *contra.*

[Horton et al. v. Beadle, Adm'r.]

MANNING, J.—Appellee was an administrator of an estate of which appellants were distributees. In August, 1866, when a settlement of the estate was made by the appellee in the Probate Court, the distributees, or some of them, were minors ; and the decree then made declared that appellee had overpaid the distributees by more than $11,000; which amount was thus ascertained to be due to him. About eleven years afterwards, appellee made the motion now brought here, that the judgment entry of this settlement and decree be amended *nunc pro tunc*, so as to show that the court had appointed a guardian *ad litem* to represent the minors on that settlement, and that they were duly represented by him. An amendment was made accordingly, by order of the Probate Court : from which an appeal was prayed to this court.

We can not concur in the view ingeniously presented by counsel for appellee, to the effect that it was proved by the latter that there was record evidence, which had disappeared, of the acceptance in writing by the guardian *ad litem* of his appointment, and that the amendment does not, therefore, appear to rest only upon oral evidence.

The witnesses were the person who was judge at the time of the settlement and appellee, who was administrator. The testimony of the former consists of impressions, inferences, and very indistinct recollections, so doubtful and vague as to be of no value, if admissible. Of appellee's evidence in chief, he (it is said in terms the most general) "testified that the statements contained in the petition are true,"—which petition as pleading averred the appointment by *an order of the court* of the guardian *ad litem*, that he filed his written acceptance of the office and performed its duties at the settlement. The person alleged to have been thus appointed was Mr. Brickell, the clerk, now deceased, whose duty it was to assist in such settlements, in all cases, whether there were minors interested or not. And appellee, when asked on cross-examination, if he was present when Mr. Brickell was appointed *guardian ad litem*, says : "I can only answer this far, that when I came in to make the settlement, Brickell was told by Judge Scruggs that he was appointed guardian *ad litem*, and to come in and make the settlement." He was interrogated, and answered further, as follows : "What did said Brickell do? Answer : He came forward and attended to the settlement, and scrutinized it pretty much throughout, until the settlement was finished. Was this all said Brickell did? Answer : It was all that I saw him do. This, then, was all that said Brickell did in regard to that settlement,

[Donley, Adm'r, v. McKiernan.]

either orally or in writing? Answer: So far as I know, it was."

Now, it is evident that this witness, in testifying to the truth of the petition, did so only according to his belief, or information and belief. He no more saw Mr. Brickell sign and file his written acceptance, which it is argued was lost, of the appointment of guardian *ad litem*, than he saw an order appointing him entered on the minutes of the court. There is no evidence in this cause, record or *quasi* of record, or memorandum made by the judge, of such appointment—acceptance or service,—and no testimony that any record evidence thereof did exist and had been destroyed or was lost. Although a larger liberty is elsewhere allowed on this subject, it has long been the settled doctrine of this tribunal, that the judgment entries of the courts of record in this State were of too important and inviolable a character to be altered after the expiration of the terms when they were made, except upon evidence from the records, or dockets, or memoranda made under the authority of the judge presiding when they were made.

The probate judge erred in allowing the amendment; and the order authorizing it must be reversed, the amendment set aside, and the cause be remanded.